**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JORGE L. NIEBLA,**

      **Plaintiff,**

**vs.**                        **Case No. 4:05cv234-RH/WCS**

**JAMES V. CROSBY, JR.,**

      **Defendant.**

_____/

**O R D E R**

Plaintiff, an inmate proceeding pro se, has filed an emergency complaint.  Doc. 1.

Plaintiff has failed, however, to pay the required $250 filing fee or, alternatively, failed to

file a motion to proceed *in forma pauperis* (IFP).  Review of Plaintiff's complaint will be

deferred because it fails to comply with 28 U.S.C. § 1915.

Section 1915, as amended by the "Prison Litigation Reform Act of 1995

(hereinafter "PLRA"), requires the court to assess an initial partial filing fee on all

inmates who are permitted to proceed *in forma pauperis*.  Under the PLRA, all prisoners

will eventually pay the district court's entire $250 filing fee when bringing a civil action,

or filing an appeal, *in forma pauperis*.  If a prisoner's account statement shows that he

cannot pay even the required initial partial fee, the civil action may nevertheless

proceed; however, the total $250 fee will be assessed and deducted from future

deposits to Plaintiff's prison account until the total filing fee is paid.  Fees are not refundable, regardless of dismissal of the action. [The obligation to pay the full amount of the filing fee continues even if Plaintiff is released from prison.]  Even after the initial partial fee is paid, the PLRA requires this court to dismiss the case at any time if it determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915(g) prohibits a prisoner from filing any further suit or appeal without full prepayment of the filing fee if the prisoner has had three actions or appeals dismissed on one of the previously mentioned grounds set out in Section 1915(e)(2).

The Court must assess an initial partial filing fee based on the average monthly deposits in Plaintiff's prison bank account in accordance with 28 U.S.C. § 1915(b)(1). Thus, Plaintiff must submit a computer printout for his inmate bank account for the six (6) month period immediately preceding the filing of the complaint; i.e., the period from **January 1, 2005 to June 30, 2005**.  Plaintiff must obtain account statements from the appropriate official of each prison at which he is, or has been, confined for the six (6) month period prior to the filing of this complaint.  If Plaintiff was not incarcerated during any portion of this time period, he must specifically advise the court.

Accordingly, it is **ORDERED:**

1.  The clerk of court shall forward to Plaintiff the appropriate forms for prisoners filing a civil rights complaint, together with an application for leave to proceed *in forma pauperis.*

2.  Plaintiff shall have until **August 19, 2005**, to submit his complaint on the appropriate forms and to either: (1) file a computer printout of the transactions in his prison account as directed in this order along with a completed application to proceed *in forma pauperis*, or (2) pay the full $250.00 filing fee, or (3) file a notice of voluntary dismissal of this case pursuant to Fed.R.Civ.P. 41(a).

3.  Failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this court.

**DONE AND ORDERED** on July 14, 2005.


 S/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**